No. 2392

Second Circuit

HARVEY
v.
MASSACHUSETTS PROTECTIVE ASSN

(March 14, 1928. Opinion and Decree.)

(*Syllabus by the Court*)

1. Louisiana Digest—Insurance—Par. 181; Evidence—Par. 352.

In an action on a policy of insurance, and the defense is that the policy had lapsed for want of payment of premium on or before maturity, the uncorroborated testimony of the insured that he had mailed a check for the premium to the insurer in time for it to reach the insurer, in due course of mail, on or before the day it was due, is not sufficient to overcome the testimony of two employees of the insurer that the check arrived more than thirty days after the premium was due in an envelope, introduced

in evidence, bearing a postmark showing that it had been deposited in the mail more than thirty days after the date on which plaintiff testified he mailed it.

Appeal from the Tenth Judicial District Court, Parish of Red River. Hon. John F. Stephens, Judge.

Action by James A. Harvey against the Massachusetts Protective Association, Incorporated.

There was judgment for plaintiff and defendant appealed.

Judgment reversed and suit dismissed.

S. M. Cagle, of Coushatta, attorney for plaintiff, appellee.

Blanchard, Goldstein & Walker, of Shreveport, attorneys for defendant, appellant.

STATEMENT OF THE CASE.

REYNOLDS, J. This is a suit upon a policy of insurance. The defense is that the policy had lapsed for want of payment of premium. On these issues the case was tried and there was judgment for plaintiff and defendant appealed.

OPINION

On November 15, 1923, defendant issued to plaintiff a policy of insurance whereby it agreed, in consideration of the sum of $21.50 then paid and of the further sum of $16.50 to be paid on or before the first day of the months of March, June, September and December of each year, to pay to him a specific sum of money weekly during a given space of time, in the event of his disability, from bodily injury accidentally sustained, to perform his regular business duties.

Plaintif alleges that on March 6, 1924,

an ax fell upon his right hand and wrist, disabling him from performing his regular business duties. And he alleged that he had duly paid to defendant the premium due March 1, 1924, and that the policy was in effect at the time of the accident. He prayed for judgment in accordance with the terms of the policy.

Defendant denied liability and alleged that the policy provided:

"M. The premium on this policy shall be sixteen and 50-100 dollars per quarter, payable in advance on or before the first day of March, June, September and December of each year. When the insured shall pass age fifty, the premium thertafter payable shall be twenty-one and 50-100 dollars per quarter. This policy is issued in consideration of the statements made in the application, a copy of which is attached hereto and hereby made a part of this contract, and of the policy fee of sixteen and 50-100 dollars, which will carry the insurance hereunder until the first quarterly premium date as above following the issuance hereof, and may be continued from period to period throughout its term at the option of the insured by the payment of the premium in advance. Premiums may be paid annually, semi-annually or quarterly on any premium date as the insured may elect."

"3. If default be made in the payment of the agreed premium for this policy, the subsequent acceptance of a premium by the Association or by any of its duly authorized agents shall reinstate the policy but only to cover accidental injury thereafter sustained and such sickness as may begin more than ten days after the date of such acceptance."

And—

"That the premium due March 1st, 1924, was not paid until long past due; that this payment was made by check, which check was received and accepted by defendant on April 12th, 1924."

"That the policy of plaintiff lapsed on February 29th, 1924, and was not reinstated until April 12th, 1924, and that defendant is not responsible for any accident or injuries that the said plaintiff may have sustained between February 29th, 1924, and April 12th, 1924."

Under the issues presented by the pleadings, only one question is before us for decision, namely, whether plaintiff paid the premium of $16.50 due on or before March 1st, 1924, on or before that date.

Plaintiff swore positively that he mailed to defendant at Hall Summit, Louisiana, on February 25, 1924, his check, dated that day, for the sum of $16.50, signed by him, drawn on the Bank of Hall Summit, Louisiana, in favor of defendant, in payment of the premium on the policy due March 1, 1924.

But his testimony is not corroborated in any way.

The check itself was introduced in evidence and shows that it was paid by the Bank of Hall Summit, Louisiana, on April 21, 1924.

Two employees of the defendant testified that the check was received by it at Worcester, Massachusetts, on April 12, 1924, in an envelope, which they attach to and make part of their testimony, and which envelope bears the cancellation stamp of the post office at Hall Summit, Louisiana, of date April, 1924, showing that the envelope in which the check was contained was not deposited in the post office until some time in the month of April, 1924.

A careful reading and study of the record convinces us that the check in payment of the premium due March 1, 1924, did not reach defendant until April 12, 1924, and that the policy had then lapsed for non-payment of the premium. The accident to plaintiff occurred on March 6, 1924, but the policy was not

in force then, and its reinstatement by the receipt and acceptance by defendant of the premium on April 12, 1924, did not render defendant liable to plaintiff for anything happening to plaintiff between the date of the lapse and the date of reinstatement.

The District Judge took a different view of the facts, and while the opinion of the trial judge is entitled to and is accorded great weight by an appellate court, in this case we are unable to agree with our learned brother of the court below and must reverse the judgment appealed from.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed and that plaintiff's demands be rejected and his suit dismissed at his cost in both courts.